**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Janelle Sibernagel, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER FOR RULE 26(f) PLANNING** |
| | ) | **MEETING AND RULE 16(b)** |
| vs. | ) | **SCHEDULING CONFERENCE,** |
| | ) | **AND ORDER RE RESOLUTION** |
| | ) | **OF DISCOVERY DISPUTES** |
| Standing Rock/Fort Yates Community | ) | |
| School, Fort Yates Public School | ) | |
| District #4, and the Standing Rock | ) | |
| Sioux Tribe, | ) | Case No. 1:08-cv-012 |
| | ) | |

**IT IS ORDERED:**

On May 20, 2008, at 9:00 a.m. the court shall hold combined Rule 16(b) scheduling conference and hearing the parties' pending motions for early discovery and for a protective order. The combined conference/hearing shall be conducted via telephone conference call to be initiated by the court. The parties will not be required to submit a proposed scheduling/discovery plan in anticipation of the conference/hearing. They should nevertheless be prepared to discuss scheduling those items listed in the sample Scheduling Plan which can be found on the court's website at: <http://www.ndd.uscourts.gov/forms.html> They should be prepared to discuss the Plaintiff's request that the court hold the Defendants' summary judgment in abeyance pending discovery.

**RESOLUTION OF DISCOVERY DISPUTES**

It is hereby **ORDERED** that the following steps be undertaken by all parties prior to the filing of any additional discovery motions:

1) The parties are strongly encouraged to informally resolve all discovery issues and

1

disputes without the necessity of Court intervention.  In that regard, the parties are first required to confer and fully comply with Rule 37(a)(2) of the Federal Rules of Civil Procedure and Local Rule 16.1(B)(4) by undertaking a sincere, good faith effort to try to resolve all differences without Court action or intervention;

2) In the event that reasonable, good faith efforts have been made by all parties to confer and attempt to resolve any differences, without success, the parties are then required to schedule a telephonic conference with the Magistrate Judge in an effort to try to resolve the discovery dispute prior to the filing of any motions.  The parties shall exhaust the first two steps of the process before any motions, briefs, memorandums of law, exhibits, deposition transcripts, or any other discovery materials are filed with the Court.

3) If the dispute still cannot be resolved following a telephonic conference with the Magistrate Judge, then the Court (Magistrate Judge) will entertain a motion to compel discovery, motion for sanctions, motion for protective order, or other discovery motions.  In connection with the filing of any such motions, the moving party shall first fully comply with all requirements of Rule 37(a)(2) and Local Rule 16.1(B)(4) and shall submit the appropriate certifications to the Court as required by those rules.

4) The Court will refuse to hear any discovery motion unless the parties have made a sincere, good faith effort to resolve the dispute and all of the above-identified steps have been strictly complied with.  A failure to fully comply with all of the prerequisite steps may result in a denial of any motion with prejudice and may result in an award of costs and reasonable attorney's fees.

Dated this 21st day of April 2008.

/s/  Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge